**Clifford HARRIS**

v.

**MARATHON OIL COMPANY.**

No. P–94–CA–034.

United States District Court,
W.D. Texas,
Pecos Division.

Feb. 14, 1996.

Ruff Ahders, Ruff Ahders Assoc., Odessa, TX, for Plaintiff.

Jad Davis, Turner & Davis, Midland, TX and Luccretia Dillard, Marathon Oil Company, Houston, TX, for Defendant.

### MEMORANDUM OPINION AND ORDER GRANTING JUDGMENT AS A MATTER OF LAW PURSUANT TO FED. R.CIV.P. 50(b)

GUIROLA, United States Magistrate Judge.

Plaintiff, Clifford Harris ("Mr. Harris") obtained a favorable jury verdict upon his claim of discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* Before this Court is the renewed Motion of the Defendant Marathon Oil Company ("Marathon") for Judgment as a Matter of Law pursuant to FED.R.CIV.P. 50(b).[1] Marathon contends that Mr. Harris, who claimed and certified in social security proceedings that he was totally disabled, was judicially estopped from claiming that he was capable of performing the essential functions of his job for purposes of his ADA claim. For the reasons stated below the Court is of the opinion that Marathon's Motion is well taken and should be granted.

### FACTS

Clifford Harris was employed by Marathon Oil Company in March of 1982 as an oil field roustabout. Mr. Harris was promoted to the position of pumper in January, 1986. In October of 1989 he injured his lower back. After surgery and a period of "light duty", he was permitted to resume his duties as a

---

1. Fed.R.Civ.P. 50(b) provides in part: "Whenever a motion for a judgment as a matter of law made at the close of all the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Such a motion may be renewed by service and filing not late than 10 days after entry of judgment."

pumper. Shortly after returning to work, Mr. Harris re-injured his lower back. He underwent a second surgical procedure in July of 1990. In December of 1990 Mr. Harris' treating physician, Dr. Legrande, reported to Marathon's long term disability administrator that Mr. Harris was totally disabled. According to Dr. Legrande, Mr. Harris attained maximum medical recovery in January of 1991. Mr. Harris was placed on sick leave and began receiving disability benefits under Marathon's long term disability plan.[2] He also sought and obtained workers compensation benefits. Under the provisions of the long term disability plan Mr. Harris was required to apply for social security benefits. In February of 1991 Mr. Harris' application for disability benefits was denied by the Social Security Administration. However, he successfully appealed the decision and on February 4, 1992 was awarded disability benefits retroactive to April of 1990.[3] In April of 1992, when Mr. Harris' long term disability benefits were scheduled for termination, he protested Equicor's decision pointing to medical documentation and findings by the Social Security Administration that he was totally disabled.[4] As a result of his appeals, the long term disability benefits were continued.

Mr. Harris was terminated in February of 1993. Prior to his termination, Marathon received no medical report or other documentation indicating that Mr. Harris was physically able to resume his former duties as a pumper. Following his termination Mr. Harris filed this action alleging that he was illegally discharged due his disability in violation of the provisions of the ADA. At trial Mr. Harris testified he was in fact, physically able to perform all of the essential functions of a pumper from 1991 until his termination.

In spite of the evidence of Mr. Harris' prior "total disability" assertions and the well documented opinions of Harris' treating physician, the jury was persuaded and rendered a verdict in favor of Plaintiff.[5] Marathon contends that Mr. Harris' disability claims to Equicor and before the Social Security Administration estopped him from claiming at trial that he was able to perform the essential functions of an oil field pumper.

### DISCUSSION

The doctrine of judicial estoppel prevents a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or some earlier proceeding. *Ergo Science, Inc., v. Martin,* 73 F.3d 595 (5th Cir.1996). "The courts recognize the applicability of this doctrine in this circuit because of its laudable policy. The doctrine prevents internal inconsistency, precludes litigants from 'playing fast and loose' with the courts, and prohibits parties from deliberately changing positions based upon the exigencies of the moment." *Id.* The doctrine of judicial estoppel applies equally to positions taken in quasi-judicial administrative proceedings as it does in courts of law. *Zapata Gulf Marine Corp., v. Puerto Rico Maritime Shipping Authority,* 731 F.Supp. 747, 749 (E.D.La.1990) (holding that judicial estoppel applied to proceedings before the Interstate Commerce Commission); *see also Simo v. Home Health & Hospice Care,* 906 F.Supp. 714, 718 (D.N.H. 1995) (judicial estoppel applied to prior proceedings before the Social Security Administration); *Muellner v. Mars, Inc.,* 714 F.Supp. 351, 358 (N.D.Ill.1989) (application process for social security benefits constitutes prior

---

**2.** Marathon Oil Company's long term disability plan is self funded. Equicor, Inc. ("Equicor") serves as the plan's administrator.

**3.** Under social security law, a person is not disabled unless his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience engage in any other kind of substantial gainful work. *see* 42 U.S.C. § 423(d)(2)(A).

**4.** In a letter from Mr. Harris to Equicor, Harris stated that "Dr. Legrande will be sending you a

copy of his medical findings stating I am still disabled. I would also like to point out I am receiving Social Security benefits after a complete review by the Social Security Board in which they determined I met the requirements for total disability."

**5.** The jury specifically found that Mr. Harris was capable of performing all of the essential functions of any oil field pumper without accommodations.

legal proceeding for purposes of judicial estoppel).

■ The Plaintiff does not dispute that he successfully advanced his "total disability" assertion not only before the long term disability plan administrator, but also before the Social Security Administration. With equal enthusiasm, Mr. Harris proclaimed at trial that he was ready, willing, and most importantly, able to perform the essential functions of an oil field pumper. These positions are at best inconsistent.

■ Federal courts facing similar situations have ruled as a matter of law that the plaintiff was not a "qualified individual with a disability" within the meaning of the ADA. *See August v. Offices Unlimited, Inc.*, 981 F.2d 576 (1st Cir.1992) (plaintiff who certified on form for disability benefits that he was "totally disabled" was precluded as a matter of law from arguing that he was a "qualified handicapped person" under Massachusetts law); *Nguyen v. IBP, Inc.*, 905 F.Supp. 1471 (D.Kan.1995) (holding that employee who claimed and certified in social security proceedings that he was disabled and could not perform the duties of his job was judicially estopped from claiming that he was capable of performing essential functions of his job for purposes of an ADA claim); *Garcia–Paz v. Swift Textiles, Inc.*, 873 F.Supp. 547 (D.Kan.1995) (plaintiff who certified on long term disability benefits application that she was unable to perform material duties of work was estopped from arguing that she was a qualified individual under the ADA); *Reigel v. Kaiser Foundation Health Plan of N.C.*, 859 F.Supp. 963 (E.D.N.C.1994) (injury claims of permanent disability for purposes of receiving disability insurance payments estopped claimant from arguing that she was qualified under the ADA); *Kennedy v. Applause, Inc.*, 1994 WL 740765 (C.D.Cal. Dec. 6, 1994) (plaintiff who represented for purposes of obtaining disability benefits that she was completely disabled was estopped from arguing that she was qualified under the ADA). The objective of the doctrine of judicial estoppel is to prevent situations from arising in which one of two related decisions has to be wrong because a party took opposite positions and won both times. *Chaveriat v. Williams Pipe Line Co.*, 11 F.3d 1420,

1427–28 (7th Cir.1993). A "qualified individual with a disability" is defined by the ADA as "an individual with a disability who, with or without reasonable accommodation, *can perform the essential functions of the employment position* that such individual holds or desires." 42 U.S.C. § 12111(8) (emphasis added). It is impossible for Mr. Harris to have been both totally disabled under social security law and able to perform the essential functions of his position under the ADA. To allow Mr. Harris to assert that he was able to perform the duties of his employment with Marathon at the same time he collected disability benefits, awarded as a result of his representations that he could no longer work, would countenance a fraud, either on this court or on the federal agency that awarded him those benefits. It is the opinion of this Court that Mr. Harris was estopped from presenting evidence at trial which contradicted his earlier claims of total disability. Therefore, as a matter of law, Mr. Harris was not a qualified individual within the meaning of the ADA.

**IT IS THEREFORE ORDERED AND ADJUDGED,** that Defendant's Motion for Judgment as a matter of law should be, and is hereby **GRANTED.**

**IT IS FURTHER ORDERED AND ADJUDGED,** that the Judgment entered in this cause shall be reopened and that Defendant, Marathon Oil Company shall be granted Judgment as a matter of law pursuant to FED.R.CIV.P. 50(b).