Nancy GRAF

v.

**WAL–MART STORES, INC.**

No. CIV. A. G–97–410.

United States District Court, S.D. Texas, Galveston Division.

May 12, 1998.

Eddie M. Krenek, Althea Michele Bailey, Law Office of Eddie M. Krenek, Katy, TX, for Nancy Graf.

Alan N. Magenheim, Magenheim, Bateman, Robinson, Wrotenbery & Helfand, Houston, TX, for Wal–Mart, of Galveston, Wal–Mart Corporation and Wal–Mart Stores Inc.

## *ORDER DISMISSING CLAIMS*

KENT, District Judge.

In this action, Plaintiff Nancy Graf asserts violations of the Americans with Disabilities Act ("ADA") and the Age Discrimination in Employment Act ("ADEA") against Defendant Wal–Mart, alleging that Wal–Mart practiced age and disability discrimination when it failed to hire her after she applied for a position. On this date the parties appeared set and ready for trial, and the Court held a pre-trial evidentiary hearing regarding the legal vitality of Plaintiff's claims. For the reasons set forth below, Plaintiff's claims are **DISMISSED WITH PREJUDICE.**

The Court first addresses Plaintiff's ADEA claims. At the pre-trial hearing, the Court, expressing its opinion that Plaintiff's ADEA claims are patently meritless, became aware that Plaintiff could present no competent evidence that Wal–Mart would not hire her because of her age. Defendant, on the other hand, was prepared to submit competent, objective evidence showing that Wal–Mart does not discriminate based on age. For these reasons, and because the Court finds that Plaintiff's claims are meritless as a matter of law and common sense, Plaintiff's ADEA claims are **DISMISSED WITH PREJUDICE.**

■ Next, Plaintiff has also asserted ADA claims. Under the ADA, an employer is prohibited from discriminating against a "qualified individual with a disability because of the disability." 42 U.S.C. § 12112(a) (1995). To establish a prima facie case under the ADA, a plaintiff must show that he or she is a "qualified individual with a disability." *See Daigle v. Liberty Life Ins. Co.,* 70 F.3d 394, 396 (5th Cir.1995). The term "qualified individual with a disability" is defined as "an

individual with a disability who, with or without reasonable accommodation, *can perform the essential functions*" of her job. 42 U.S.C. § 12111(8) (1995) (emphasis added). In discrimination cases under the ADA, the plaintiff bears the burden of showing he is "otherwise qualified" or can "reasonably perform a job." He can show this in either of two ways: (1) by proving that he can perform all essential job functions without modifications or accommodations, or (2) that some reasonable accommodation by the employer would enable him to perform the job. *See Austin State Hosp.*, 903 S.W.2d at 91.

■■■ The doctrine of judicial estoppel prevents a party from asserting in a legal proceeding a position that is contrary to a position taken in the same or some earlier proceeding. *Ergo Science, Inc. v. Martin*, 73 F.3d 595, 598 (5th Cir.1996). Judicial estoppel is designed to protect the integrity of the judicial process by preventing litigants from "playing fast and loose" with the courts and from "deliberately changing positions based upon the exigencies of the moment." *Id.* The doctrine is not limited to proceedings before courts of law; it also extends to quasi-judicial administrative proceedings, including the application process for social security benefits. *See Muellner v. Mars, Inc.*, 714 F.Supp. 351, 358 (N.D.Ill.1989); *see also Harris v. Marathon Oil Co.*, 948 F.Supp. 27, 28 (W.D.Tex.1996); *aff'd*, 108 F.3d 332 (5th Cir.1997).

■■■ At the pre-trial evidentiary hearing, Plaintiff admitted that she has been receiving disability benefits from the Social Security Administration ("SSA") since 1985, based on representations to the SSA that she is totally and permanently disabled. Therefore, judicial estoppel bars Plaintiff from asserting that she is a "qualified individual with a disability" under the ADA in light of her representations to the SSA. The Fifth Circuit has held very recently that "the application for or the receipt of social security disability benefits creates a rebuttable presumption that the claimant or recipient of such benefits is judicially estopped from asserting that he is a 'qualified individual with a disability.'" *Cleveland v. Policy Management Systems Corp.*, 120 F.3d 513, 518 (5th Cir.1997); *see also McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 562 (5th Cir.1998). The presumption is a strong one, and the circumstances in which a plaintiff could show that a representation of disability for social security purposes is consistent with ADA standing will be "limited and highly unusual." *Cleveland*, 120 F.3d at 517. In *Cleveland*, the plaintiff failed to rebut the presumption and was consequently estopped from asserting her ADA claim because she had "continuously and unequivocally represented to the SSA that she is totally disabled and completely unable to work." *Id.* at 518.

As in *Cleveland*, Plaintiff in this case has also admitted that she made representations to the SSA that she is totally and permanently disabled. This Court has previously published an opinion on this very issue, holding in very similar circumstances that a plaintiff receiving total disability benefits is judicially estopped from asserting ADA claims. *See Pena v. Houston Lighting & Power Co.*, 978 F.Supp. 694 (S.D.Tex.1997). This Court, commenting on the judicial presumption established by *Cleveland*, stated that "[i]t would be hard to imagine any set of circumstances where a claim of total disability would be consistent with a claim of ability to perform the essential functions of one's job." *Id.* at 698–99. Under the reasoning of *Cleveland* and *Pena*, therefore, the Court finds that Plaintiff is judicially estopped from asserting her ADA claims. Accordingly, and in accordance with the Court's ruling today on the record before the parties, Plaintiff's ADA claims are **DISMISSED WITH PREJUDICE.**

For the foregoing reasons, each and all of Plaintiff's claims are DISMISSED WITH PREJUDICE. The parties are ORDERED to bear their own costs and attorney's fees incurred herein to date.

**IT IS SO ORDERED.**

### FINAL JUDGMENT

For the reasons set forth in the Order issued this date, and for the reasons stated by the Court on the record of the pre-trial hearing held on this date, all of Plaintiff's claims in this action are **DISMISSED WITH**

PREJUDICE. The parties are **ORDERED** to bear their own costs and attorney's fees incurred herein to date.

**THIS IS A FINAL JUDGMENT.**

**IT IS SO ORDERED.**