957 F.Supp. 1097 (1996)
Joan HUGHES, Plaintiff,
v.
REINSURANCE GROUP OF AMERICA, et al., Defendants.
No. 4:94CV2380 TIA.
United States District Court, E.D. Missouri, Eastern Division.
October 10, 1996.
D. Linihan, John Renick, McMahon and Berger, St. Louis, MO, for defendants.
William Moench, Kathryn Render, Mary Anne Sedey, Mary Anne Sedey, P.C., St. Louis, MO, for Plaintiff.

*1098 MEMORANDUM AND ORDER

ADELMAN, United States Magistrate Judge.
This matter is before the Court on Defendant's Motion for Summary Judgment. The parties consented to try their case before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

Facts
Viewing the facts and inferences in the light most favorable to the plaintiff, the nonmoving party, Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986), the Court sets forth the following facts:
Plaintiff worked for defendant from September, 1979 through November, 1993, when she was discharged. On August 13, 1991, plaintiff was involved in an automobile accident which injured her legs and left foot. Plaintiff eventually underwent surgery on her left knee and left foot, which caused her to miss work during the recovery. Upon her return to work, the pain from her injuries hindered her ability to do the physical aspects of her job. At the time of her discharge, she was a Senior Supervisor. Her duties required walking, standing, squatting, kneeling, and bending. Plaintiff maintains that she requested help and asked that her job description be rewritten but that her employer refused.
In late 1992 or early 1993, plaintiff agreed to take over the management of her current department and another department, which job would require less physical activity and more time at a desk. However, the offer was subsequently withdrawn and given to another individual. In April, 1993, plaintiff told her boss that she was going to resign because the pain was intolerable. Her boss discouraged her from resigning. The human resources department instead suggested that plaintiff apply for job-related disability benefits through defendant's insurer.
In May, 1993, plaintiff took an unpaid six-month disability leave of absence. During this time, plaintiff again requested accommodation, but her employer did not offer another position with less physical requirements. In August, 1993, plaintiff applied for Long Term Disability through defendant's disability benefits policy. Under the plan, a worker who was "both absent from work and unable to perform [her] regular work by reason of injury or illness ..." was considered totally disabled and could receive benefits for two years. After that time, benefits would continue if the employee was disabled from performing any work. (P's Exh. A). Plaintiff was informed that she also needed to file a claim for Social Security benefits. According to plaintiff's affidavit, she informed the Social Security claims worker that she knew she was not disabled from all work. Her claims for Social Security benefits and for long-term disability were subsequently denied. Plaintiff's six-month leave of absence expired on November 12, 1993, at which time plaintiff was discharged from her job.
On December 12, 1994, plaintiff filed an action alleging that defendants discriminated against her in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. (ADA), the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. (ADEA), and the Missouri Human Rights Act, Mo. Rev.Stat. § 213.010, et seq. (MHRA).

Standard for Ruling on Summary Judgment
Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment only if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The court must view the evidence and all reasonable inferences in the light most favorable to the nonmoving party. Hutson v. McDonnell Douglas Corp., 63 F.3d 771, 775 (8th Cir.1995). The United States Supreme Court has noted that, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the federal rules as a whole, which are designed to `secure the just, speedy and inexpensive determination of every action'." Celotex, *1099 477 U.S. at 327, 106 S.Ct. at 2555 (1986) (quoting Fed.R.Civ.P. 1).
The initial burden of proof is placed on the moving party to establish the non-existence of any genuine issue of fact that is material to a judgment in its favor. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir.1988). Once this burden is discharged, if the record does in fact bear out that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on that issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510-11, 91 L.Ed.2d 202 (1986).
When the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ P. 56(e). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). In fact, the non-moving party must show there is sufficient evidence favoring the non-moving party which would enable a jury to return a verdict for it. Anderson, 477 U.S. at 249, 106 S.Ct. at 2510-11; Celotex, 477 U.S. at 324, 106 S.Ct. at 2553.

Discussion
In their motion for summary judgment, defendants assert that they are entitled to judgment as a matter of law because plaintiff cannot demonstrate that defendants discriminated against her by requiring her to take an unpaid leave of absence. Further, defendants contend that summary judgment is proper because plaintiff filed a claim for Social Security benefits claiming to be totally disabled and is thus not a "qualified individual" within the meanings of the American Disabilities Act and/or the Missouri Human Rights Act. Plaintiff, on the other hand, claims that there exists a genuine issue of material fact because she was forced to take the unpaid leave of absence as a result of her employer's failure to accommodate her. Plaintiff further states that she was required to file a claim with the Social Security Administration as a prerequisite to obtaining disability benefits through her employer which benefits were granted when an employee could not perform the requirements of her specific position. Plaintiff maintains that at no time was she unable to perform any work and that she relayed this information to the Social Security worker who processed her claim.
The undersigned agrees with plaintiff that a genuine issue of material fact exists such that summary judgment is improper at this time. In support of defendants' motion, defendants claim that plaintiff admitted that she voluntarily took the leave of absence, which was only a recommendation by the Personnel Department. However, plaintiff responds that because her requests to accommodate were denied, she was forced her to take the leave of absence. As such, there is a genuine issue of material fact as to whether defendants required plaintiff to take the leave of absence because of the circumstances she was faced with after her accident. A jury could find that the requirement to take unpaid leave was a constructive requirement on the part of plaintiff's employer; thus the issue is best left to the trier of fact.
With regard to plaintiff's application for Social Security benefits, the undersigned finds that the cases cited by defendants are not dispositive in the present case. There is a common thread among the cases which preclude a plaintiff from asserting a claim for disability discrimination when that plaintiff has filed an application for Social Security benefits. In those cases, the plaintiff was unambiguously claiming to be totally disabled for the purpose of collecting disability benefits while still claiming to be capable of performing the job requirements with reasonable accommodation. See, e.g., McNemar v. Disney Store, Inc., 91 F.3d 610 (3rd Cir.1996) (HIV-positive former employee judicially estopped from asserting ADA claim where he and his physicians unconditionally asserted permanent and total disability in application for state and Social Security benefits); August v. Offices Unlimited, Inc., 981 F.2d 576 (1st Cir.1992) (uncontroverted *1100 evidence showing that plaintiff was completely and totally disabled compelled court to grant summary judgment in favor of defendant because plaintiff was not a qualified handicapped person under Massachusetts handicap discrimination statute); Smith v. Midland Brake, Inc., 911 F.Supp. 1351 (D.Kan.1995) (plaintiff estopped from claiming that he is able to work after he succeeded in obtaining Social Security disability benefits based on signed statements, corroborating statements, and testimony before an AU); Lewis v. Zilog, Inc., 908 F.Supp. 931 (N.D.Ga.1995) (plaintiff who applied for and received long-term benefits after claiming total disability and inability to work was estopped from claiming that she is a "qualified individual with a disability" under the ADA); Nguyen v. IBP, Inc., 905 F.Supp. 1471 (D.Kan.1995) (plaintiff who was awarded Social Security benefits found to be precluded from asserting disability claim because it is impossible to be both disabled and perform essential functions of work under ADA); Cheatwood v. Roanoke Industries, 891 F.Supp. 1528 (N.D.Ala.1995) (plaintiff having collected disability benefits based on representations at worker's compensation trial, plaintiff was estopped from asserting a claim for discrimination); Garcia-Paz v. Swift Textiles, Inc., 873 F.Supp. 547 (D.Kan.1995) (plaintiff receiving Long Term Disability and Social Security benefits could not be a "qualified individual with a disability"); Reigel v. Kaiser Foundation Health Plan, 859 F.Supp. 963 (E.D.N.C.1994) (statements made by plaintiff and physicians unambiguously established that plaintiff could not work and was totally disabled); Kennedy v. Applause, Inc., No. CV 94-5344 SVW (GHKX), 1994 WL 740765 (C.D.Cal. Dec. 6, 1994), aff'd 90 F.3d 1477 (9th Cir.1996) (plaintiff's definite statements on Social Security application and other claim forms showing permanent and serious nature of her condition contradicted her contention that she was a capable employee). The courts in each of these cases found that the plaintiff could not have it both ways. Similarly, the courts all found that the evidence was uncontroverted and unambiguous that the plaintiffs were claiming total disability.
The Third Circuit Court of Appeals recently articulated the standard for applying judicial estoppel. The two-part test includes: "(1) Is the party's present position inconsistent with a position formerly asserted? (2) If so, did the party assert either or both of the inconsistent positions in bad faith  i.e., `with intent to play fast and loose' with the court?" McNemar v. Disney Store, Inc., 91 F.3d 610, 618 (3rd Cir.1996) (quoting Ryan Operations G.P. v. Santiam-Midwest Lumber Co., 81 F.3d 355, 361 (3rd Cir.1996)). The court further stated that whether a court should invoke the doctrine of estoppel "must be decided upon its own particular facts and circumstances." Id. at 617.
The undersigned finds that the facts in the present case are sufficiently distinguishable such that summary judgment is not warranted. Although plaintiff filed for long-term disability and Social Security benefits, the evidence demonstrates that plaintiff was representing that she could not perform her particular job, not that she was totally disabled. For example, in her Disability Report, plaintiff states that "because of the physical requirements I cannot perform my job duties." Further, she stated in the report that her physicians limited her physical activity, not that they told her she was disabled. Plaintiff states in her affidavit that the Personnel Department required her to apply for Social Security disability benefits as a prerequisite to receiving long-term disability benefits. Plaintiff maintains that she informed the doctors and the Social Security employees that she was not disabled from all work. She further claims that she believed that the long-term benefits for which she applied were for employees who could not perform their specific job as opposed to any job. Thus, plaintiff does not appear to be playing fast and loose with the court[1]. Viewed in a light most favorable to the plaintiff, *1101 the undersigned finds that plaintiff has demonstrated a genuine issue of material fact with regard to whether she is a qualified individual with a disability under the ADA.
In Anzalone v. Allstate Ins. Co., No. 93-2248, slip op. at 2, 1995 WL 35613 (E.D.La. Jan. 30, 1995), the court found that "the description of plaintiff's condition [was] not an unambiguous statement of total disability" even though plaintiff accepted long-term disability benefits. The court distinguished other cases because there was no indication that the plaintiff could perform his job. To the contrary, the plaintiff in Anzalone consistently stated that he could work under certain restrictions. The court found that there was sufficient evidence to withstand summary judgment. Id. See also Ward v. Westvaco Corp., 859 F.Supp. 608, 615 (D.Mass.1994) (finding that plaintiff's evidence that he stated in his application for disability benefits that he would have been able to perform his job with reasonable accommodation demonstrated a disputed issue as to whether he was a "qualified handicapped person"). Further, the Anzalone court was not convinced that plaintiff's acceptance of long-term benefits precluded recovery under the ADA. "The issue here is whether there is sufficient evidence for plaintiff to get to the jury on the question of whether he could perform the essential functions of his job with or without reasonable accommodation. Defendant's evidence that plaintiff received long-term disability benefits is relevant to disprove this point, but it is not dispositive of it." Anzalone, slip op. at 2. The undersigned agrees with the reasoning in Anzalone and finds it more applicable to the case at hand than those cited by defendants.
Defendants rely heavily on Beauford v. Father Flanagan's Boys' Home, 831 F.2d 768 (8th Cir.1987), cert. denied, 485 U.S. 938, 108 S.Ct. 1116, 99 L.Ed.2d 277 (1988) in support of their motion for summary judgment. That case was brought under section 504 of the Rehabilitation Act, a Forerunner of ADA. Plaintiff filed for disability insurance benefits after informing defendant that she could no longer work. The Eighth Circuit Court of Appeals found that a handicapped employee who can no longer do his job is not within the protection of section 504 of the Rehabilitation Act. Id. at 771. The court based its opinion on the fact that plaintiff admitted that she could not perform the essential functions of her job and that she would be unable to do so in the future. Id.
The facts of the present case are distinguishable from Beauford. For instance, plaintiff has consistently maintained that she could perform the job with some accommodation, unlike the plaintiff in Beauford who unequivocally stated she could not work. Further, the Eighth Circuit Court of Appeals has recently held that "Social Security determinations ... are not synonymous with a determination of whether a plaintiff is a `qualified person' for purposes of the ADA.... At best, the Social Security determination [is] evidence for the trial court to consider in making its own independent determination." Robinson v. Neodata Serv., Inc., 94 F.3d 499, 502 n. 2 (8th Cir.1996) (citations omitted). The cases relied upon by the Robinson court held that a finding of disability by the Social Security Administration cannot be construed as a judgment that the plaintiff is unable to do his job. Overton v. Reilly, 977 F.2d 1190, 1196 (7th Cir.1992); Smith v. Dovenmuehle Mortgage, Inc., 859 F.Supp. 1138, 1141 (N.D.Ill.1994). Thus, there is some indication that the Eighth Circuit Court of Appeals would not find that a plaintiff claiming disability on a Social Security application is judicially estopped from asserting an ADA claim because the standards are different such that a plaintiff could be disabled under the Social Security Act and a "qualified person" under ADA. As such, there is a genuine issue of material fact regarding whether plaintiff is a "qualified person" under ADA. The fact that she applied for disability benefits is merely evidence to be used in determining the outcome of this issue. Therefore, the undersigned finds that summary judgment is not proper at this time.
Accordingly,
IT IS HEREBY ORDERED that defendants' Motion for Summary Judgment (# 16) is DENIED.
NOTES
[1] In Dockery v. North Shore Medical Center, 909 F.Supp. 1550, 1558 (S.D.Fla.1995), the United States District Court for the Southern District of Florida went as far as to say that the judicial estoppel based on inconsistent pleadings applies only to judicial or quasi-judicial proceedings, not oaths taken in administrative filings. This reasoning is valid considering the administrative process for Social Security cases wherein the claimant merely signs a computerized print-out.