Leonard C. JOHNSON, Plaintiff,

v.

HINES NURSERIES, INC., Robert
A. Ferguson and Ronald P.
Ciaccio, Defendants.

No. 3:95–CV–3091–T.

United States District Court,
N.D. Texas,
Dallas Division.

Nov. 26, 1996.

David Fielding, Fielding Barrett & Taylor, Fort Worth, TX, for Plaintiff.

Rebecca A Singer, Fulbright & Jaworski, Dallas, TX, and Thomas Jefferson Wray, Fulbright & Jaworski, Houston, TX, for Defendants.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

MALONEY, District Judge.

Before the Court is the Motion for Summary Judgment filed by Defendants Hines Nurseries, Inc., Robert A. Ferguson, and Ronald P. Ciaccio. The motion is opposed. After considering the motion, the response, and the reply, the Court is of the opinion that the motion should be granted.

Plaintiff Leonard C. Johnson was employed by Defendant Hines Nurseries, Inc., as a sales representative in June of 1982. On August 16, 1993, Johnson suffered a subcranial hemorrhage which required his hospitalization for several weeks, and caused him to take disability leave from employment as a sales representative with Hines.

In January of 1994, Johnson was placed on long term disability leave, and began receiving disability benefits from Mutual of Omaha Life Insurance. In conjunction with his application for disability benefits, Johnson applied for, and received after appeal, social security benefits due to his disability. Plaintiff continues to receive benefits under both his disability insurance policy and social security.

Johnson brings a claim for discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12112, and a claim for intentional infliction of emotional distress. Defendants move for summary judgment on Johnson's claims.

Summary judgment should be entered only where the record establishes that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c). The movant bears the burden of establishing the

propriety of summary judgment. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

Once a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The substantive law will identify what facts are material. *Id.* at 248, 106 S.Ct. at 2510. A dispute as to a material fact is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 248, 106 S.Ct. at 2510.

On Johnson's ADA claim, he must show: (1) that he is a disabled person within the meaning of the ADA; (2) that he is qualified to perform the essential functions of his job, with or without reasonable accommodation; and (3) that Hines discriminated against him because of his disability. *Chandler v. City of Dallas,* 2 F.3d 1385, 1390 (5th Cir.1993).

Johnson argues that but for Hines's failure to reasonably accommodate him, he could have met the essential requirements of his job. Further, Johnson contends that Defendants failed, in violation of the ADA, to reasonably accommodate him by refusing to allow him to work on a limited basis.

In addition, Johnson alleges that he was "forced" to seek disability benefits by Hines's unwillingness to accommodate his disability. He also alleges that he was forced to seek social security benefits by his disability insurance carrier as a prerequisite to receiving disability benefits from his insurance carrier. Johnson does not deny that he sought both private insurance and social security benefits, nor that he claimed total disability to receive these benefits in early 1994. He argues, however, that it was only necessary for him to seek these benefits because Hines refused to accommodate his disability, and instructed him to take a long term disability leave. Johnson also contends that he is not judicially estopped from presenting his claim under the ADA by these earlier representations of total disability. *See Morton v. GTE North, Inc.,* 922 F.Supp. 1169, 1181 (N.D.Tex.1996) (refusing to apply a strict estoppel approach

to determine standing of an ADA plaintiff who has drawn disability benefits).

In response, Defendants argue that Johnson's ADA claim fails as a matter of law because he cannot show that he is a qualified individual under the ADA, and does not have standing to sue under the ADA. Specifically, Defendants allege that, before filing this lawsuit, Johnson consistently maintained that he was "totally disabled," and he has not demonstrated that he could have performed the duties of his job in January 1994 if he had been reasonably accommodated by Hines.

Johnson's reasons for seeking disability benefits notwithstanding, it is undisputed that he held himself out as a "totally disabled" individual to both his disability carrier and the social security administration to receive disability benefits from February of 1994 to the present.

Johnson argues that he is not judicially estopped from claiming that he was able to perform the duties required of his job if he had been reasonably accommodated. Nevertheless, his representations of total disability are at a minimum factors to be considered in determining whether a fact question exists as to whether Johnson could have performed his job. *Morton,* 922 F.Supp. at 1182.

Similarly to the plaintiff in *Morton,* Johnson has continuously represented his disability as preventing him from performing his job since February 1994 and has shown no competent summary judgment evidence otherwise. Johnson claims that he is nonetheless a qualified individual with a disability under the ADA because he could have performed his job had Hines reasonably accommodated him.

The Court has determined that the totality of the evidence indicates that Johnson lacks standing to sue under the ADA. The evidence presented by Johnson merely shows that his doctor was willing to allow him to return to work on a limited basis in January 1994 and does not present any reasonable means through which his disability could have been accommodated. Johnson contends that he should have been permitted to return to work on a part-time basis but provides no support of the existence of an available part-

time position with Hines. He also fails to provide any legal support for his contention that a part-time position should have been created for him.

In addition, this Court is concerned with the inequity of allowing a plaintiff to claim total disability to receive disability benefits, and later allow him to claim that he is a "qualified individual with a disability" under the ADA. *See Bollenbacher v. Helena Chemical Company,* 934 F.Supp. 1015 (N.D.Ind.1996). A plaintiff cannot be both totally disabled and at the same time a qualified individual under the ADA; to allow a plaintiff to claim both would be to sanction the misrepresentation of facts to either the social security administration or the courts. *See Harden v. Delta Air Lines,* 900 F.Supp. 493, 497 (S.D.Ga.1995) (stating it is " 'incredible' that a plaintiff would claim that he was discriminated against by his employer for failing to make reasonable accommodations while representing to various entities that he was unable to work").

 The Court is of the opinion that Johnson should be judicially estopped from claiming that he is a qualified individual with a disability after representing himself as totally disabled before the Social Security Administration. The doctrine of judicial estoppel applies when a party tries to contradict in a legal proceeding his sworn statement in a previous legal proceeding. The doctrine is aimed at protecting the integrity of the judicial process, avoiding inconsistent results, and preventing a party from playing fast and loose with facts. *See United States ex rel. Am Bank v. C.I.T. Construction,* 944 F.2d 253, 258–59 (5th Cir.1991). It is the sanctity of the oath and the integrity of the process that lies at the heart of the doctrine of judicial estoppel and "the truth is no less important to an administrative body acting in a quasi-judicial capacity than it is a to a court of law." *Rissetto v. Plumbers and Steamfitters Local 343,* 94 F.3d 597 (9th Cir.1996).

The Court has determined that Johnson's previous representations of total disability made before an administrative agency fall within the purview of the doctrine of judicial estoppel, and that he should not be allowed to hold himself out as a qualified individual

under the ADA after having claimed total disability before the SSA. "The fact that the choice between obtaining federal or state disability benefits and suing under the ADA is difficult does not entitle one to make false representations with impunity. Nothing in the reasoned jurisprudence of judicial estoppel goes this far." *McNemar v. Disney Store, Inc.,* 91 F.3d 610 (3rd Cir.1996).

 Johnson also brings a claim for intentional infliction of emotional distress. To prevail on a claim for intentional infliction of emotional distress, Johnson must prove that: (1) Defendants acted intentionally or recklessly; (2) the conduct was extreme; (3) Defendants's actions caused Johnson emotional distress; and (4) the emotional distress was severe. *See Randall's Food Markets, Inc. v. Johnson,* 891 S.W.2d 640, 644 (Tex.1995); *Wornick Co. v. Casas,* 856 S.W.2d 732, 734 (Tex.1993); *Twyman v. Twyman,* 855 S.W.2d 619, 621 (Tex.1993).

 Defendants are entitled to summary judgment on Johnson's claims for intentional infliction of emotional distress because the conduct of which Johnson complains—failure to accommodate his disability, callous remarks regarding Johnson's condition to Johnson's wife, and mocking comments about Johnson's speech problems—is not "extreme and outrageous" conduct. *See Johnson v. Merrell Dow Pharmaceuticals, Inc.,* 965 F.2d 31, 33–34 (5th Cir.1992) (per curiam) ("claim for intentional infliction of emotional distress will not lie for mere 'employment disputes' "); *Wilson v. Monarch Paper Co.,* 939 F.2d 1138, 1143 (5th Cir.1991) ("liability does not extend to mere insults [and] indignities"); *Randall's Food Markets,* 891 S.W.2d at 644 (conduct is actionable only where it has been so outrageous in character, and so extreme in degree as to go beyond all possible bounds of decency, and is to be regarded as atrocious, and utterly intolerable in a civilized community).

It is therefore **ORDERED** that the Motion for Summary Judgment filed by Defendants Hines Nurseries, Inc., Robert A. Ferguson, and Ronald P. Ciaccio, on September 16, 1996, is **granted.**