**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 96-11247
_____

CAROLYN C. CLEVELAND,

Plaintiff-Appellant,

versus

POLICY MANAGEMENT SYSTEMS CORPORATION;
GENERAL INFORMATION SERVICES, a Division of
Policy Management Systems Corporation;
CYBERTEK CORPORATION,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas

_____

August 14, 1997

Before WIENER and PARKER, Circuit Judges, and LITTLE,[*] District
Judge.

WIENER, Circuit Judge:

Plaintiff-Appellant Carolyn C. Cleveland appeals the district
court's grant of summary judgment for her former employer,
Defendant-Appellee Policy Management Systems Corporation (PMSC), on
her claim of wrongful termination under the Americans with
Disabilities Act (ADA).[1] We affirm, concluding that Cleveland has

---

[*]Chief District Judge of the Western District of Louisiana,
sitting by designation.

[1]42 U.S.C. §12101 et seq. (1994).

failed to raise a genuine issue of material fact which, if proved, would rebut the presumption that her sworn declarations of disability submitted to the Social Security Administration (SSA) judicially estop her from asserting that under the ADA she is a "qualified individual with a disability."

I.

FACTS AND PROCEEDINGS

PMSC hired Cleveland in August 1993. The following January, Cleveland suffered a stroke while on the job and took a leave of absence. She was unable to return to work immediately, however, as the stroke caused aphasia, a condition that affects concentration, memory, and language functions such as speaking, reading, and spelling.

With her daughter's assistance, Cleveland filed an application for social security disability benefits. In support of her sworn application, Cleveland certified that she had become "unable to work because of [her] disabling condition on January 7, 1994" and that she was "still disabled." She acknowledged also that it is a crime to make a false statement in an application for social security disability benefits.

In April 1994, Cleveland's doctor released her to return to work and anticipated an eventual recovery for her of nearly 100%. Cleveland alleges that when she returned to work at PMSC she contacted the SSA and informed them that she had returned and that she no longer needed disability benefits. PMSC concedes that she

2

informed the SSA of her return but denies that she ever withdrew her application for disability benefits or otherwise indicated that she was anything other than totally disabled.

Following her return, Cleveland did not perform well at PMSC. She requested several accommodations, including computer training, permission to take work home in the evenings, a transfer of position, and permission for the Texas Rehabilitation Commission to provide a counselor — free of charge — to assist her. PMSC denied each of her requests. In July 1994, PMSC terminated Cleveland for poor job performance.

Cleveland claims that as a consequence of her firing she became depressed and that her aphasia worsened. In September 1994, she renewed her application for social security disability benefits by filing a "Request for Reconsideration" in which she stated, "I continue to be disabled," and a "Work Activity Report" in which she stated that she was terminated "because I could no longer do the job because of my condition." In January 1995, Cleveland filed another "Request for Reconsideration" and that May requested a hearing before an Administrative Law Judge (ALJ), in both instances representing that she was "unable to work due to my disability."

In September 1995, the ALJ concluded that Cleveland had become disabled on January 7, 1994 and was disabled continuously through the date of the ALJ's decision. Consequently, the ALJ granted her social security disability benefits, effective retroactively to January 7, 1994.

One week before the ALJ's decision, Cleveland had filed suit against PMSC for wrongful termination in violation of the ADA and the Texas Labor Code.  PMSC moved for partial summary judgment, asserting that Cleveland could not establish a prima facie case under the ADA, as her representations in her application for, and her receipt of, social security disability benefits estopped her from claiming that she is a "qualified individual with a disability."  The district court granted PMSC's motion on the ADA claim and dismissed the state law claim without prejudice.

Cleveland timely appealed, insisting that she is not estopped from establishing as a matter of law that she is a "qualified individual with a disability."  Specifically, she maintains that her position in pursuit of social security disability benefits and her instant position under the ADA are not inconsistent, as (1) she was disabled for purposes of social security disability benefits when she filed the initial application; (2) when she returned to work, she notified the SSA and withdrew her claim for benefits; and (3) she became disabled again for purposes of social security disability benefits only after and as a result of her termination. Cleveland contends that, from the time she returned to work until she was terminated, she could have performed the essential functions of her job with a reasonable accommodation, i.e., during that period she was a "qualified individual with a disability."

II.

ANALYSIS

4

A. STANDARD OF REVIEW

We review the district court's grant of summary judgment de novo, applying the same standards as the district court.[2] Summary judgment is proper when the evidence, viewed in the light most favorable to the non-moving party, shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.[3]

B. APPLICABLE LAW

The ADA prohibits an employer from discriminating against "a qualified individual with a disability because of the disability."[4] To assert an ADA violation successfully, in the absence of direct evidence of discrimination, a plaintiff must first make a prima facie showing that, inter alia, he is a "qualified individual with a disability."[5] A "disability" is "a physical or mental impairment that substantially limits one or more of the major life activities" of the individual.[6] A "qualified individual with a disability" is "an individual with a disability who, with or without reasonable

---

[2]Melton v. Teachers Ins. & Annuity Assn. of America, 1997 WL 285720, at *1 (5th Cir. June 16, 1997).

[3]River Production Co., Inc. v. Baker Hughes Production Tools, Inc., 98 F.3d 857, 859 (5th Cir. 1996)(citing Fed. R. Civ. P. 56(c)).

[4]42 U.S.C. §12112(a)(1994).

[5]See Daigle v. Liberty Life Ins. Co., 70 F.3d 394, 396 (5th Cir. 1995).

[6]42 U.S.C. §12102(2)(A)(1994).

accommodation, can perform the essential functions" of his job.[7]

The Social Security Act prescribes an individual's eligibility for social security disability benefits. An individual is entitled to receive such benefits if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment"[8] and only if that impairment is of such severity that he is unable to do his previous work and cannot engage in any other kind of substantial gainful work which exists in the national economy.[9]

When the two statutes are read in pari materia, it seems logically inconsistent, at first blush, for an individual to claim that he qualifies for social security disability benefits while simultaneously maintaining that he can perform the essential functions of his position for purposes of asserting an ADA claim. Herein lies the dilemma.

Several of our fellow circuits have held that a plaintiff who represents that he is totally disabled for purposes of recovering social security disability benefits cannot then assert that he is a "qualified individual with a disability" for purposes of bringing an ADA claim. Those circuits have barred the subsequent ADA claim

---

[7] 42 U.S.C. §12111(8)(1994).

[8] 42 U.S.C. §423(d)(1)(A)(Supp. 1997). The impairment must be expected to result in death or to last for a continuous period of not less than twelve months.

[9] 42 U.S.C. §423(d)(2)(A)(Supp. 1997).

under various theories of preclusion, including the equitable doctrine of judicial estoppel.[10]

---

[10]The Third, Sixth, Seventh, and Ninth Circuits have invoked the doctrine of judicial estoppel. See McNemar v. The Disney Store, Inc., 91 F.3d 610, 617-18 (3d Cir. 1996), cert. denied, -- U.S. --, 117 S. Ct. 958 (1997)(plaintiff estopped from arguing that he is qualified under the ADA); Blanton v. Inco Alloys Int'l, Inc., 108 F.3d 104, 108-09 (6th Cir. 1997)(plaintiff's previous representations to the SSA estop him from claiming that he can perform the essential functions of his position, but error for the district court to apply judicial estoppel to plaintiff's claim that he could have performed other jobs); DeGuiseppe v. Village of Bellwood, 68 F.3d 187, 192 (7th Cir. 1995)(plaintiff estopped from arguing that he was anything other than actually disabled); and Risetto v. Plumber and Steamfitters Local 343, 94 F.3d 597, 606 (9th Cir. 1996)(plaintiff estopped from claiming that she was performing her job adequately when she had previously obtained a favorable settlement based on her assertion that she could not work).  The First and Eighth Circuits have treated a plaintiff's prior representations to the SSA as binding admissions. See August v. Offices Unlimited, Inc., 981 F.2d 576, 584 (1st Cir. 1992)(plaintiff conceded that he was totally disabled at all relevant times and cannot now establish that he was a "qualified handicapped person" and thus cannot make the prima facie case required to prevail under the Massachusetts discrimination statute) and Beauford v. Father Flanagan's Boys' Home, 831 F.2d 768, 771 (8th Cir. 1987), cert. denied, 485 U.S. 938, 108 S. Ct. 1116 (1988)(plaintiff admitted that she cannot perform the essential functions of the job in question and that she will be unable to do so in the near future; therefore, she does not qualify for protection under the federal Rehabilitation Act).  The Ninth Circuit has precluded a plaintiff's subsequent ADA claim based on an insufficiency of evidence to overcome plaintiff's prior sworn statements to the SSA.  See Kennedy v. Applause, Inc., 90 F.3d 1477, 1481-82 & n.3 (9th Cir. 1996)(unnecessary to apply judicial estoppel when there was no genuine issue of material fact that plaintiff was totally disabled; only evidence to the contrary was plaintiff's self-serving and uncorroborated affidavit in support of her ADA claim).  In addition, a number of district courts have disallowed the subsequent ADA claim.  See e.g. Hatfield v. Quantum Chemical Corp., 920 F. Supp. 108, 110 (S.D. Tex. 1996)(logically inconsistent for plaintiff to say that he is so impaired that he cannot care for himself while simultaneously arguing that he can go to work and perform his job); Harris v. Marathon Oil Co., 948 F. Supp. 27, 29 (W.D. Tex. 1996), aff'd, 108 F.3d 332 (5th Cir. 1997)(impossible for plaintiff to have been totally disabled under

Judicial estoppel prevents a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or some earlier proceeding.[11]  The doctrine serves a clear purpose: to protect the integrity of the judicial process.[12]

We decline, however, to adopt a per se rule that automatically estops an applicant for or recipient of social security disability benefits from asserting a claim of discrimination under the ADA.[13]

social security law and able to perform the essential functions of his position under the ADA); Johnson v. Hines Nurseries, Inc., 950 F. Supp. 175, 178 (N.D. Tex. 1996)(plaintiff should be judicially estopped from claiming that he is a qualified individual with a disability after representing himself as totally disabled to the SSA, but noting that plaintiff's representations of total disability are at a minimum factors to consider in determining if a fact question exists as to whether plaintiff could have performed his job); Johnson v. City of Port Arthur, 892 F. Supp. 835, 842 n.1 (E.D. Tex. 1995)(plaintiff's pursuit of social security disability benefits is a position at odds with his ADA claim); and Reigel v. Kaiser Foundation Health Plan of North Carolina, 859 F. Supp. 963, 970 (E.D.N.C. 1994)(plaintiff "cannot speak out of both sides of her mouth with equal vigor and credibility").

[11]Ergo Science, Inc. v. Martin, 73 F.3d 595, 598 (5th Cir. 1996).

[12]United States v. C.I.T. Constr. Inc. of Texas, 944 F.2d 253, 258 (5th Cir. 1991).

[13]See D'Aprile v. Fleet Services Corp., 92 F.3d 1, 4-5 (1st Cir. 1996)(plaintiff's application for disability benefits may not have constituted a broad admission of incapacity; genuine issue of material fact existed as to whether plaintiff could have continued to work with a reasonable accommodation); Blanton, 108 F.3d at 109-10 (plaintiff's previous representations to the SSA did not estop him from claiming that he could have performed other jobs); Shirley v. Westgate Fabrics, Inc., 1997 WL 135605, at *3 (N.D. Tex. Mar. 17, 1997)("There is no rigid rule that receipt of disability benefits precludes recovery on an ADA claim.  Courts that have considered the issue have concluded that the receipt of disability benefits is a factor to be considered by the court."); Morton v. GTE North Inc., 922 F. Supp. 1169, 1182 (N.D. Tex. 1996), aff'd,

It is at least theoretically conceivable that under some limited and highly unusual set of circumstances the two claims would not necessarily be mutually exclusive, as the SSA's determination of an applicant's entitlement to social security disability benefits would not be synonymous with a determination that a plaintiff is or is not a "qualified individual with a disability" under the ADA.[14]

First, while the ADA requires an individualized inquiry into the ability of a particular person to meet the requirements of a particular position, the SSA permits general presumptions about an individual's ability to work. The SSA considers some conditions to be presumptively disabling. If a claimant has an impairment that

114 F.3d 1182 (5th Cir. 1997)(strict estoppel approach has no support in the case law); Hughes v. Reinsurance Group of America, 957 F. Supp. 1097, 1100 (E.D. Mo. 1996)(evidence demonstrates that plaintiff was representing that she could not perform her particular job, not that she was totally disabled); and Smith v. Dovenmuehle Mortgage, Inc., 859 F. Supp. 1138, 1142 (N.D. Ill. 1994)("Defendant's position would place plaintiff in the untenable position of choosing between his right to seek disability benefits and his right to seek redress for an alleged violation of the ADA.").

[14]Robinson v. Neodata Services, Inc., 94 F.3d 499, 502 n.2 (8th Cir. 1996)(SSA determination of eligibility for benefits is not synonymous with determination whether plaintiff is a qualified individual for purposes of the ADA; at best, social security determination is evidence for trial court to consider in making its own independent determination); Weiler v. Household Finance Corp., 101 F.3d 519, 523-24 (7th Cir. 1996)("Because the ADA's determination of disability and a determination under the Social Security disability system diverge significantly in their respective legal standards and statutory intent, determinations made by the Social Security Administration concerning disability are not dispositive findings for claims arising under the ADA."); and Pegues v. Emerson Electric Co., 913 F. Supp. 976, 980 (N.D. Miss. 1996)(a finding of disability by the SSA does not necessarily foreclose an ADA claim).

is medically equivalent to a listed impairment, the SSA presumes that the disorder is so severe as to prevent the claimant from doing any substantial gainful activity, without considering his age, education or past work experience.[15] Thus, an individual can have a "disability" under the SSA definition and still be able to work.

Second, the SSA does not consider whether the individual can work with reasonable accommodation. An SSA interpretative guidance addressing the SSA's disability determination process states,

> The fact that an individual may be able to return to a past relevant job, provided that the employer makes accommodations, is not relevant to the issues to be resolved. . . . [H]ypothetical inquiries about whether an employer would or could make accommodations that would allow return to a prior job would not be appropriate.[16]

Thus, a person may be unable to do any work which exists in the national economy even though he can work with a reasonable accommodation. In those instances, the person is both a person with a "disability" under the SSA and a "qualified individual with a disability" under the ADA. Accordingly, a person claiming to be disabled under the SSA may still be entitled to protection under the ADA.

Third, even the SSA recognizes that an individual may be able to qualify as SSA "disabled" and still be able to work in a

---

[15]20 C.F.R. §404.1520(d) (1997).

[16]See "Americans with Disabilities Act of 1990 -- INFORMATION," Memorandum from the Associate Commissioner, Social Security Administration 1 (June 2, 1993).

particular position. For example, the SSA has a trial work period that allows beneficiaries to work for nine months while their benefit entitlement and payment levels remain unchanged.[17] Similarly, the SSA provides individuals who return to work with benefits in any month in which earnings fall below a statutory level.[18]

We hold therefore that the application for or the receipt of social security disability benefits creates a <u>rebuttable</u> presumption that the claimant or recipient of such benefits is judicially estopped from asserting that he is a "qualified individual with a disability." We thus leave open the possibility that there might be instances in which the nature and content of the disability statement submitted to the SSA, in the context of the particular facts of the case, would not absolutely bar a plaintiff from attempting to demonstrate that despite his total disability for Social Security purposes he is a "qualified individual with a disability." Conceivably, such a plaintiff might be able to rebut this presumption if he were able to present credible, admissible evidence —— such as his social security disability benefits application, other sworn documentation, and his allegations relevant to his ADA claim —— sufficient to show that, even though he may be disabled for purposes of social security, he

---

[17]20 C.F.R. §404.1592(a) (1997).

[18]<u>Id</u>.

is otherwise qualified to perform the essential functions of his job with a reasonable accommodation and thus not estopped from asserting an ADA claim.

## C. IS CLEVELAND ESTOPPED FROM ASSERTING HER ADA CLAIM?

We conclude that, on the facts before us — particularly her sworn statements to the SSA that she was disabled — Cleveland has not raised a genuine issue of material fact to rebut the presumption that, while she remains disabled for purposes of Social Security, she is estopped from asserting that she is a "qualified individual with a disability." Cleveland continuously and unequivocally represented to the SSA that she is totally disabled and completely unable to work. As her statements are unambiguous and previously uncontroverted, she cannot now be heard to complain that she could perform the essential functions of her job during the time between her return to work and her termination. To permit Cleveland to make such an argument in the face of her prior, consistent, and — until now — uncontested sworn representations to the SSA would be tantamount to condoning her advancement of entirely inconsistent positions, a factual impossibility and a legal contradiction.[19]

---

[19] Peques, 913 F. Supp. at 980-81 (ADA claim not necessarily foreclosed, but when plaintiff previously represented in administrative proceedings that she was unable to work, she cannot now argue that she could have performed the essential functions of her job with a reasonable accommodation); Morton, 922 F. Supp. at 1182-83 (under these facts, plaintiff has no standing to assert ADA claim, as she has continuously represented that her disability prevented her from performing her job); and Garcia-Paz v. Swift

III.

CONCLUSION

As Cleveland consistently represented to the SSA that she was totally disabled, she has failed to raise a genuine issue of material fact rebutting the presumption that she is judicially estopped from now asserting that for the time in question she was nevertheless a "qualified individual with a disability" for purposes of her ADA claim. For the foregoing reasons, the district court's grant of summary judgment for PMSC is

AFFIRMED.

---

Textiles, Inc., 873 F. Supp. 547, 555 (D. Kan. 1995)(on this record, plaintiff is estopped from asserting ADA claim; having collected substantial benefits and based on these unambiguous and seemingly informed representations, plaintiff cannot now claim that she could perform the essential functions of her job).

13