**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 97-11211
Summary Calendar

Jean Frantz BAZILE,

Plaintiff-Appellant,

VERSUS

AT&T-BELL LABORATORIES, INC. a/k/a AT&T MICROELECTRONICS, and
LUCENT TECHNOLOGIES, INC.,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas

(3:96-CV-2652-G)

April 20, 1998

Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

The Plaintiff, Jean Frantz Bazile, sued the Defendant, Lucent Technologies ("Lucent"), the successor in interest to AT&T-Bell Laboratories, alleging, *inter alia*, that Lucent discriminated against him in violation of the Americans with Disabilities Act

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

("ADA"), 42 U.S.C. § 12101. The Plaintiff appeals from an order of the district court granting the Defendant's Motion for Summary Judgment. After reviewing the briefs and the relevant portions of the record on appeal, we affirm the district court.

I.

The Plaintiff, Jean Frantz Bazile, worked as an engineer for Lucent in its Power Systems Division from 1980 until his termination in February, 1995. After being diagnosed with a major depressive condition, Bazile was hospitalized in 1988 and 1989. Bazile returned to work under outpatient care from his psychiatrist.

In 1990, Lucent transferred Bazile to Mesquite, Texas, where he worked under the supervision of Richard M. Hunt. Under Hunt, Bazile was allowed to work a flexible time schedule because of difficulties associated with insomnia. In 1991, Hal Babitch took over as Bazile's supervisor. Babitch informed Bazile that he would no longer be allowed to work a flexible schedule. Bazile suffered a relapse of depression in April 1993 and, as a result, took a thirty-three day leave of absence. Bazile took an additional leave of absence in March 1994. The plaintiff returned to work, but took another extended leave of absence on June 28, 1994. Bazile returned to work for two days in August 1994, before he went on leave again. Bazile contends that the relapses were caused by Babitch who refused to allow a flexible work schedule despite the Plaintiff's insomnia, refused to transfer Bazile to Florida,

2

harassed Bazile for his absences, and wrote a poor evaluation of Bazile which resulted in his demotion.

In September 1994, while still on leave, Bazile moved to Florida to join his wife and children who had moved there in August. On January 10, 1995, Bazile returned to work, but again returned to Florida two days later. Bazile's personal psychiatrist, Dr. Pierre Andre, sent a letter to Lucent on January 16, 1995, indicating that Bazile was too emotionally unstable to return to work in Texas away from his family. Lucent arranged for an independent psychiatric examination, by Dr. Ron Kurlander, who opined that Bazile was well enough to resume his job and that Bazile was trying to manipulate the company to transfer him to Florida. As a result of the independent examination, Lucent informed Bazile by letter dated January 31, 1995, that if he failed to return to work or fill out the necessary Family and Medical Leave Act ("FMLA") forms by February 6, 1995, he would be terminated. Bazile failed to return to work or fill out the FMLA forms by February 6th. Consequently, Lucent terminated his employment and leave benefits. After Bazile's termination, he applied for and received social security disability benefits.

## II.

Bazile is judicially estopped from claiming that he is a "qualified individual with a disability." The application for or receipt of social security disability benefits creates a "rebuttable presumption that the claimant or recipient of such benefits is judicially estopped from asserting that he is a

3

'qualified individual with a disability.'" *Cleveland v. Policy Mgmt. Systems Corp.*, 120 F.3d 513, 518 (5th Cir. 1997). In order to rebut the presumption of judicial estoppel, the plaintiff must present credible, admissible evidence sufficient to show that, even though he may be disabled for purposes of social security, he is otherwise qualified to perform the essential functions of the job with a reasonable accommodation. *See Cleveland*, 120 F.3d at 518.

Bazile has failed to create a factual dispute regarding whether he is otherwise qualified to perform the essential functions of his job with a reasonable accommodation. The Plaintiff's personal psychiatrist continues to opine that Bazile cannot return to work. "An essential element of any . . . job is an ability to appear for work . . . and to complete tasks within a reasonable period of time." *Rogers v. International Marine Terminals, Inc.*, 87 F.3d 755, 759 (5th Cir. 1996)(quoting *Carr v. Reno*, 23 F.3d 525, 530 (D.C. Cir. 1994)). As Bazile's doctor has not released him to work in Texas and he is unable to return to work for an indefinite period of time, the plaintiff cannot perform the essential function of appearing for work.

Moreover, Bazile cannot demonstrate that Lucent could reasonably accommodate his disability. Bazile contends that Lucent should have made the following accommodations for his disability: (1) additional leave time, (2) flexible work schedule, and (3) transfer to Florida. First, allowing Bazile additional leave time is not a reasonable accommodation. As we stated in *Rogers*, "Nothing in the text of the reasonable accommodation provision

4

requires an employer to wait an indefinite period for an accommodation to achieve its intended effect. . . .[R]easonable accommodation does not require [an employer] to wait indefinitely for [the employee's] medical conditions to be corrected." *Id.* at 760 (quoting *Myers v. Hose*, 50 F.3d 278, 283 (4th Cir.1995)). Bazile worked only four days from June 28, 1994 until his termination on February 6, 1995. The Plaintiff has not produced summary judgment evidence that allowing the accommodation of additional leave time would enable him to perform the essential function of appearing for work. Furthermore, the accommodations of flex time and a transfer to Florida, even if reasonable, would not enable Bazile to perform the essential functions of his job. Although these accommodations may mitigate the effects of Bazile's insomnia, the evidence does not show that these accommodations would enable the Plaintiff to appear for work. Consequently, Bazile failed to raise a genuine issue regarding whether Lucent could have reasonably accommodated his disability.

The plaintiff contends that the district court should have permitted him to present evidence rebutting the presumption of estoppel, enunciated in *Cleveland v. Policy Management Systems Corp.* In *Cleveland*, the court clarified the relationship between the ADA and the Social Security Act. The *Cleveland* opinion was released one month prior to the district court's grant of summary judgment for the Defendant. Bazile had an opportunity to rebut the presumption of judicial estoppel through a motion for leave to amend his response to summary judgment, but failed to do so.

5

Consequently, the district court did not err by granting summary judgment.

For the foregoing reasons, the district court's grant of summary judgment for Lucent Technologies is

AFFIRMED.