**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 97-41310

(Summary Calendar)
_____


DAVID J PENA,

Plaintiff - Appellant,

versus

HOUSTON LIGHTING & POWER COMPANY,

Defendant - Appellee.


Appeal from the United States District Court
for the Southern District of Texas

September 21, 1998

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:

David Pena brought suit against Houston Lighting & Power Company (HL&P), alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Texas Commission on Human Rights Act ("TCHRA"), TEX. LAB. CODE ANN. § 21.051 *et seq*. The district court granted summary judgment in favor of HL&P, holding that Pena was estopped from arguing that he was able to perform the essential functions of his job because he had made contrary representations in his applications for Long-Term

Disability ("LTD") benefits and mortgage disability benefits.  We affirm.

In *Cleveland v. Policy Management Systems Corporation*, we held that "the application for or the receipt of social security disability benefits creates a *rebuttable* presumption that the claimant or recipient of such benefits is judicially estopped from asserting that he is a 'qualified individual with a disability' [under the ADA]." 120 F.3d 513, 518 (5th Cir. 1997) (emphasis in original), *petition for cert. filed*, 66 U.S.L.W. 3435 (U.S. Dec. 15, 1997) (No. 97-1008); *see also McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 562-63 (5th Cir. 1997) (explaining that "[t]he statements in the SSA application create a presumption that [the plaintiff] is not a qualified person with a disability").  It is undisputed that Pena applied for LTD and mortgage disability benefits and that he represented in both applications that he was "totally disabled."  Furthermore, it is undisputed that as part of his LTD benefits application, Pena was required to fill out a Disability Report with the United States Social Security Administration ("SSA") in which he claimed that his condition "hamper[ed] all job duties."  Pena was approved for LTD benefits in August 1995 and has continued to receive a gross monthly LTD benefit of approximately $1,782.55.  Thus, because of his multiple representations that he was "totally disabled," Pena must overcome the *rebuttable* presumption that he is not a "qualified individual

-2-

with a disability" under the ADA. *See Cleveland*, 120 F.3d at 517; *McConathy*, 131 F.3d at 562-63.

We must reemphasize, however, particularly in light of the district court's assertion that "[i]t would be hard to imagine any set of circumstances where a claim of total disability would be consistent with a claim of ability to perform the essential functions of one's job," that we have not adopted a per se rule of judicial estoppel precisely because the SSA's definition of disability differs in significant respects from the definition of a "qualified individual" under the ADA. *See Cleveland*, 120 F.3d at 517 & n.14; *see also Rascon v. U S West Communications, Inc.*, 143 F.3d 1324, 1332 (10th Cir. 1998) ("We join the majority of circuits and hold that statements made in connection with an application for social security disability benefits cannot be an automatic bar to a disability discrimination claim under the ADA."); *Johnson v. Oregon*, 141 F.3d 1361, 367 (9th Cir. 1998) ("[N]either application for nor receipt of disability benefits automatically bars a claimant from establishing that she is a qualified person with a disability under the ADA."); *Griffith v. Wal-Mart Stores, Inc.*, 135 F.3d 376, 382 (6th Cir. 1998) ("[J]udicial estoppel does not apply because the answers given in a Social Security disability benefit application are not necessarily inconsistent with a plaintiff's claim that he could have worked at his job, during the relevant period, with a reasonable accommodation."), *petition for cert.*

*filed*, 66 U.S.L.W. 3800 (U.S. June 9, 1998) (No. 97-1991); *Talavera v. School Board of Palm Beach County*, 129 F.3d 1214, 1220 (11th Cir. 1997) ("We agree with the majority of our sister circuits that a certification of total disability on an SSD benefits application is not inherently inconsistent with being a 'qualified individual with a disability' under the ADA.'"); *Swanks v. Washington Metro. Area Transit Auth.*, 116 F.3d 582, 584 (D.C. Cir. 1997) ("[I]n assessing eligibility for disability benefits, the Social Security Administration gives no consideration to a claimant's ability to work with reasonable accommodation."); *Weiler v. Household Finance Corp.*, 101 F.3d 519, 523-34 (7th Cir. 1996) ("Because the ADA's determination of disability and a determination under the Social Security disability system diverge significantly in their respective legal standards and statutory intent, determinations made by the Social Security Administration concerning disability are not dispositive findings for claims arising under the ADA."); *Robinson v. Neodata Servs., Inc.*, 94 F.3d 499, 502 n.2 (8th Cir. 1996) ("Social Security determinations . . . are not synonymous with a determination of whether a plaintiff is a 'qualified person' for purposes of the ADA."). Nonetheless, we agree with HL&P that Pena is unable to overcome the rebuttable presumption under the facts of this case. The LTD plan's definition of "totally disabled" tracks the language of "qualified individual with a disability" under the ADA. The LTD plan states that the claimant

-4-

is "totally disabled" if "the Participant is wholly and continually disabled by sickness or accidental bodily injury which prevents him/her from performing, *with or without reasonable accommodations*, the essential functions of his/her normal occupation." (emphasis added). This definition was included in both the application that Pena filled out in September 1994 and in the letter he received in August 1995 awarding him benefits. Because Pena specifically represented that he could not perform his job *with or without reasonable accommodation*, he cannot demonstrate that he is a "qualified individual with a disability" under the ADA.

Ultimately, Pena has put forth no "credible, admissible evidence" to overcome the *Cleveland* presumption and his case does not present the "limited and highly unusual set of circumstances" necessary to rebut the presumption. *See Cleveland*, 120 F.3d at 517-18. Accordingly, the judgment of the district court is AFFIRMED.