**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 99-30047
_____

JOSEPH F. LABIT and LORRAINE F. LABIT,

                                    Plaintiffs-Appellants,

                        versus

AKZO NOBEL SALT, INC., HARRY H.
ANDERSON, and JIMMY L. FIRTH,

                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Louisiana
(97-CV-2415)
_____

**February 7, 2000**

Before FARRIS[*], WIENER and STEWART, Circuit Judges.

PER CURIAM:[**]

In this appeal from the district court's grant of partial summary judgment to the Defendants-Appellees Akzo Nobel Salt, Inc. ("Akzo"), Harry H. Anderson, and Jimmy L. Firth, and its denial of partial summary judgment to Plaintiffs-Appellants Joseph F. Labit ("Labit") and his wife, Lorraine F. Labit, we must determine whether Labit suffered employment discrimination on the basis of a disability under the Americans with Disabilities Act ("ADA") and

_____

[*] Circuit Judge of the 9th Circuit, sitting by designation.

[**] Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

**1**

Louisiana Revised Statute 23:301 <u>et seq.</u>[1]  Labit alleged that he suffered employment discrimination in the forms of hostile work environment, failure reasonably to accommodate, and constructive discharge.  We reverse in part and affirm the judgment.

## I.  Standard of Review

We review the district court's grant of summary judgment <u>de novo</u>, applying the same standard as that court.[2]  "By its very terms, this standard provides that the mere existence of some factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no <u>genuine</u> issue of material fact."[3]  Here, the district court was not required to deny the defendants' motion for summary judgment and conduct a full-blown jury trial merely because Labit came forward with <u>some</u> evidence to support his claim, unless that evidence would be sufficient to support a jury verdict in his favor.[4]

## II.  Cleveland <u>Presumption</u>

---

[1] Louisiana courts apply federal jurisprudence to assess discrimination claims under Louisiana Revised Statute 23:301 <u>et seq.</u>; thus we will consider the claims simultaneously.  <u>See</u> <u>Craven v. Universal Life Ins. Co.</u>, 670 So.2d 1358, 1362 (La. App. 1996); <u>Wyerick v. Bayou Steel Corp.</u>, 887 F.2d 1271, 1274 (5th Cir. 1989)

[2] <u>Neff v. American Dairy Queen Corp.</u>, 58 F.3d 1063, 1065 (5th Cir. 1995).

[3] <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986) (emphasis added).

[4] <u>See</u> <u>id.</u> at 251 (<u>citing</u> <u>Improvement Co. v. Munson</u>, 14 Wall. 442, 448 (1872)).

We reverse in part to correct the district court's application of our short-lived precedent, which the Supreme Court reversed after summary judgment was rendered in the instant case. The district court concluded that, under our decision in Cleveland v. Policy Management Systems Corp.,[5] Labit could not claim he was a "qualified individual with a disability" because he had claimed total disability for purposes of obtaining social security disability benefits. In Cleveland, we held that "the application for or the receipt of both long-term and social security disability benefits creates a rebuttable presumption that the claimant or recipient of such benefits is judicially estopped from asserting that he is a 'qualified individual with a disability.'"[6] Applying that rule, the district court in Labit's case found that he had applied for and received both long-term disability benefits from his employer and social security disability benefits, yet failed here to provide any additional evidence to rebut the presumption that he was totally disabled.

After the district court's decision, the Supreme Court reversed our decision in Cleveland, holding that claims for social security disability benefits and claims for damages under the ADA do not so inherently conflict that courts should apply a negative presumption that receipt of such benefits estops the recipient from pursuing an ADA claim.[7] Instead, the Court requires plaintiffs to

---

[5] 120 F.3d 513 (5th Cir. 1997), rev'd 119 S. Ct. 1597 (1999).

[6] Id. at 518.

[7] 119 S. Ct. at 1600.

reconcile such claims; and it provided several examples of how they might coexist. For instance, the ADA definition of a "qualified individual with a disability" requires consideration of the individual's ability to perform the essential job functions <u>with or without reasonable accommodation</u>[8] but social security disability determinations do not take into account such workplace accommodations.[9]

In light of the facts that Labit (1) suffers a significant physical impairment or "disability" in the form of traumatic amputation of one arm, which condition existed prior to his employment with Akzo, (2) nevertheless maintained employment in various capacities with Akzo from 1974 to 1996 with reasonable accommodations for his disability, and (3) was approved for long-term disability benefits from Provident Insurance Company and the Social Security Administration after ceasing to work for Akzo, we are satisfied that his claims for damages under the ADA and his receipt of disability benefits "can comfortably exist side by side."[10] Any friction between those two positions derives, it would seem, not from Labit's claiming to be a "qualified" individual, able to perform the essential job functions – he clearly did so for over twenty years – but rather from his subsequently claiming to be

---

[8] 42 U.S.C. § 12111(9)(B).

[9] 119 S. Ct. at 1602.

[10] <u>Id.</u>

**4**

totally disabled, i.e., unable to work.[11]  The correctness of the decisions to grant him such benefits, however, is not before us.

Having concluded that Labit is not estopped to claim he is disabled within the meaning of the ADA, we proceed to consider the merits of his discrimination claims.  Despite its now-erroneous holding under Cleveland, the district court assumed arguendo that Labit could seek damages under the ADA and proceeded in the alternative to assess the merits of his discrimination claims, finding each without adequate evidentiary support to survive summary judgment.  We agree with, and incorporate by reference, the reasoning and result in that alternative disposition of the case.

### III.  Discrimination Claims

First, we agree that the only condition described by Labit that constitutes a "disability" within the meaning of the statute[12] is the absence of one arm, the result of amputation that preceded his employment with Akzo.  Congress specifically excluded compulsive gambling as a disability under the Act.[13]  Other than those conditions, Labit describes only (1) a history of alcoholism in remission that does not presently impair any major life

---

[11] The Supreme Court also noted that an individual's disability may change over time, so that a statement about a disability at the time of the social security application may not reflect the individual's capacities at the time of the relevant employment decision.  Cleveland, 119 S. Ct. at 1603.  Labit asserts that his depression became worse after he left employment, which could explain the apparent inconsistency.

[12] 42 U.S.C. § 12102(2) ("a physical or mental disability that substantially limits one or more major life activities").

[13] 42 U.S.C. § 12211(b)(2).

**5**

functions and (2) symptoms of depression. Labit contends that the district court did not adequately consider those symptoms; however, even if they were severe enough to be considered a "disability," they clearly did not rise to that level until _after_ the alleged discriminatory actions and thus cannot provide a basis for recovery.

Second, Labit failed to create a genuine issue of material fact on one or more elements of the hostile work environment claim, assuming such a claim exists under the ADA. As we have done before, we assume without deciding that such a claim exists[14] but affirm the district court's conclusion that even if it does, the plaintiff failed to create a genuine issue that the defendants' actions were sufficiently severe or pervasive, or that they were unwelcome. The record provides ample support for the district court's conclusion that Labit participated actively in a workplace permeated with regular, reciprocal, and perhaps sometimes cruel practical jokes and pranks (many of which had nothing to do with Labit's amputated arm) between men who maintained social relationships in and out of work. Labit admitted that he initiated jokes at his own expense, pulled pranks on others, and did not perceive the conduct as harassment until he was in treatment for compulsive gambling in 1996. Despite pointing to evidence that he informally complained about the jokes on two occasions, the fact that at least some jokes pertained to his relevant disability, and

---

[14] McConathy v. Dr. Pepper/Seven Up Corp., 131 F.3d 558, 563 (5th Cir. 1998)

**6**

his own assertion that he initiated pranks against Anderson and Firth only to retaliate, Labit nevertheless failed to establish a genuine issue of material fact that would allow a reasonable jury to find in his favor on the elements of a hostile work environment claim.

Third, we affirm the district court's conclusion as a matter of law that Akzo provided reasonable accommodations to Labit's physical disability by allowing him to ask other workers to assist with lifting and reaching objects in the storeroom and providing a telephone headset.  The law does not require an employer to accept the accommodation preferred by the employee, such as the installation of lower shelves requested by Labit, but only that the accommodation is reasonable.[15]

Finally, we agree with the district court's grant of summary judgment on Labit's constructive discharge claim, holding that he failed to adduce evidence creating a genuine issue of material fact that the working conditions were "so difficult or unpleasant that a reasonable person in [his] shoes would have felt compelled to resign."[16]

## IV.  Conclusion

Based on our <u>de novo</u> review of the district court's Memorandum Ruling and Judgment, the summary judgment evidence revealed by the record, and the legal arguments advanced in the appellate briefs

---

[15] 29 C.F.R. § 1630.9.

[16] Landgraf v. USI Film Products, 968 F.2d 427, 430 (5th Cir. 1990).

and oral arguments of counsel, we conclude that the decision of the district court granting summary judgment to the defendants, dismissing the Labits' complaint with prejudice, and declining to retain supplemental jurisdiction over their remaining state law claims, was correct in all respects except to the extent caused by the Supreme Court's post-judgment reversal of applicable precedent during the pendency of this appeal. We therefore reverse in part to correct the district court's holding that Labit failed to rebut the presumption that he was not a qualified individual with a disability within the meaning of the ADA. We hold, instead -- as did the district court in its alternative ruling -- that Labit <u>was</u> disabled for purposes of that statute on the basis of his amputated arm and, for essentially the same reasons as set forth in the well-reasoned opinion of the district court, we affirm the dismissal of his claims for disability discrimination by hostile work environment, failure reasonably to accommodate, and constructive discharge.

REVERSED IN PART; JUDGMENT AFFIRMED.