IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20171
Summary Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

     versus

NAYEL ELOURI,

                              Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-248-1

_____

February 26, 2003

Before GARWOOD, JOLLY and SMITH, Circuit Judges.

PER CURIAM:[*]

     Nayel Elouri appeals his sentence following a guilty plea to conspiring to traffic in counterfeit motion pictures and other audiovisual works in violation of 18 U.S.C. § 371, 2318. Elouri argues that the district court erred in finding that he occupied an aggravating role in the offense warranting a three-level increase

_____

[*]Pursuant to 5TH CIR. R.47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in his offense level pursuant to U.S.S.G. § 3B1.1(b). The district court did not clearly err in determining that Elouri qualified for an aggravating-role-in-the-offense adjustment. *United States v. Miranda*, 248 F.3d 434, 446 (5th Cir. 2001), *cert. denied*, 534 U.S. 980, 1086 (2002). Nor did the court clearly err in refusing to grant a reduction in Elouri's offense level pursuant to U.S.S.G. § 3B1.2. *See Burton v. United States*, 237 F.3d 490, 503 (5th Cir. 2000).

Elouri argues that the district court erred in awarding $136,050 in restitution to the Motion Picture Association of America (MPA) pursuant to the Victim and Witness Protection Act, 18 U.S.C. §§ 3663, 3663A (the VWPA). Elouri argues that the MPA is not a "victim" of his offense for purposes of 18 U.S.C. § 3663A because the MPA is an industry trade association. This argument was not adequately raised below. Elouri has not demonstrated plain error with respect to this argument. *See United States v. Greer*, 137 F.3d 247, 252 (5th Cir. 1998); 18 U.S.C. § 3663A(a)(2).

Elouri argues that judicial estoppel should bar the Government from maintaining the position that the MPA is a victim for restitution purposes. Because Elouri has not demonstrated that the Government's position is clearly inconsistent with its position in another case, the district court did not abuse its discretion in refusing to invoke the doctrine of judicial estoppel. *See IN re Coastal Plains, Inc.*, 179 F.3d 197, 205-06 (5th Cir. 1999); *Ergo*

2

*Science, Inc. v. Martin*, 73 F.3d 595, 598 (5th Cir. 1996).

Elouri argues that the district court erred in ordering as a special condition of supervised release that he provide financial information to the probation officer. Because the court imposed an order of restitution, the special condition was proper and consistent with the Sentencing Guidelines. *See* U.S.S.G. § 5D1.3(d)(3), p.s.; *see United States v. Ismoila*, 100 F.3d 380, 394 (5th Cir. 1996).

AFFIRMED.