**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-1291**

———————

BROTHERHOOD MUTUAL INSURANCE COMPANY,

Plaintiff - Appellee,

v.

BERLETTE MCMILLAN; RHONDA TABRON, Individually, and as
Parent and Natural Guardian of D.T.; SHANK SHREEVES,

Defendants – Appellants,

and

LATISHA CARTER, Individually, and as Parent and Natural
Guardian of W.C., N.C. and M.C.; RAYANNE CARTER,
Individually, and as Parent and Natural Guardian of C.W. and
C.C.; TANIKIA JONES,

Defendants.

———————

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Alexander Williams, Jr., District
Judge.  (8:11-cv-01326-AW)

———————

Submitted:  July 13, 2012          Decided:  August 1, 2012

———————

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Dennis F. O'Brien, DENNIS F. O'BRIEN, P.A., Bel Air, Maryland; Charles G. Monnett, III, CHARLES G. MONNETT III & ASSOCIATES, Charlotte, North Carolina, for Appellants. Stephen S. McCloskey, Eric M. Leppo, SEMMES, BOWEN & SEMMES, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This appeal stems from an interpleader action filed by Brotherhood Mutual Insurance Company ("Brotherhood"). After the Appellants, among others, were injured in a single-car accident involving an automobile insured under a policy issued by Brotherhood, Brotherhood filed an interpleader action in the district court, depositing $1 million into the court registry and asking to be released from the case so that the injured parties could litigate among themselves regarding the proper apportionment of the insurance payout. The Appellants filed a declaratory judgment counterclaim, seeking a declaration that the applicable limit under the relevant business auto insurance policy (the "Policy") was $2 million rather than $1 million. Brotherhood denied the Appellant's claim, and the Appellants filed a partial motion for summary judgment while Brotherhood filed a cross-motion for summary judgment on the Appellants' counterclaim.

The district court entered an order denying the Appellants' partial motion for summary judgment and granting Brotherhood's cross-motion for summary judgment on the Appellants' counterclaim, construing the Policy as providing for only a $1 million aggregate coverage limit per accident, regardless of whether Brotherhood was required to pay under the liability insurance coverage provisions or under the

3

underinsured motorist coverage provisions. The Appellants noted an appeal to the district court's order,[*] and, having reviewed the record, we affirm.

The Appellants' argument on appeal is the same as that urged in the district court; namely, that because the claimants' damages exceeded the Policy's $1 million liability limit, they may recover up to an additional $1 million under the Policy's underinsured motorist coverage provisions. Review of a summary judgment determination is de novo, and reasonable inferences are drawn in the light most favorable to the non-moving party. United States v. Bergbauer, 602 F.3d 569, 574 (4th Cir.), cert. denied, 131 S. Ct. 297 (2010). The parties agree that the Policy is governed by Maryland law, under which insurance contracts are not construed against the insurer except where the contract's language is ambiguous. Cheney v. Bell Nat'l Life Ins. Co., 556 A.2d 1135, 1138 (Md. 1989).

Although the Appellants contend that the pertinent provisions of the Policy are ambiguous and support a reading in

---

[*] We note that "as a general rule an order granting interpleader is interlocutory" and therefore unappealable. Ergo Science, Inc. v. Martin, 73 F.3d 595, 597 (5th Cir. 1996). Nevertheless, the district court subsequently entered a final order in this case, rendering the previously-filed notice of appeal effective to permit this court to exercise its jurisdiction. In re Bryson, 406 F.3d 284, 288 (4th Cir. 2005); Barrett v. Atl. Richfield Co., 95 F.3d 375, 379 (5th Cir. 1996).

their favor, our review of the applicable language convinces us that the Policy straightforwardly precludes Appellants from recovering any more than a $1 million aggregate sum per accident, regardless of under which form of coverage they press their claims. Nor do we deem it necessary, as the Appellants request, to certify a question of law to the Maryland state courts prior to reaching this result.

"Where there is no ambiguity in an insurance contract, the court has no alternative but to enforce the policy's terms." Kendall v. Nationwide Ins. Co., 702 A.2d 767, 773 (Md. 1997). Accordingly, we deny the Appellants' request that we certify a question of law to the Maryland state courts, and we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5