ACCEPTED
03-15-00256-CV
6983697
THIRD COURT OF APPEALS
AUSTIN, TEXAS
9/18/2015 5:13:36 AM
JEFFREY D. KYLE
CLERK

No. 03-15-00256-CV

In the Third Court of Appeals
Austin, Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
9/18/2015 5:13:36 AM
JEFFREY D. KYLE
Clerk

ADRIAN JAMES
*Appellant*

V.

KIRBY HISCOX
*Appellee*

APPEAL FROM CAUSE NO. C-1-CV-14-008643
COUNTY COURT AT LAW NO. 1, TRAVIS COUNTY, TEXAS
HON. TODD T. WONG, PRESIDING

BRIEF OF APPELLEE

LAW OFFICES OF HENRY J. NOVAK
Henry J. Novak
State Bar No. 15120000
11782 Jollyville Road
Austin, Texas 78759
(512) 577-5380
(512) 532-6008 (Fax)
henry@henrynovak.com

*Counsel for Appellee*

ORAL ARGUMENT NOT REQUESTED

# TABLE OF CONTENTS

Index of Authorities ................................................................................ iii

Guide to Citations ....................................................................................v

Statement of the Case...............................................................................1

Statement Regarding Oral Argument ........................................................2

Issues Presented and Restated...................................................................2

    1.     The Contract is Unambiguous and Appellee's theory of the case is the only reasonable interpretation.

    2.     Appellant's Interpretation of Par. 4 as a Liquidated Damage Clause is without Merit.

    3.     Appellant should be Judicially Estopped from Arguing the Contract is Ambiguous.

    4.     This Court should affirm the summary judgment on de novo review.

Statement of Facts....................................................................................3

Summary of the Argument........................................................................4

Argument and Authorities.........................................................................5

    I.     The Contract is Unambiguous. Appellee's theory of the case is the only reasonable interpretation of the Contract. ...............................5

    II.     Appellant's Interpretation of Par. 4 as a Liquidated Damage Clause is without Merit ........................................................................7

    III.     Appellant should be Judicially Estopped from Arguing the Contract is Ambiguous.........................................................................8

    IV.     This Court should affirm the summary judgment on de novo review ..........................................................................................11

Conclusion and Prayer ........................................................................12

Certificate of Compliance ................................................................13

Certificate of Service ........................................................................14

# INDEX OF AUTHORITIES

**Cases**                                                           **Page(s)**

*Arthur's Garage, Inc. v. Racal-Chubb Sec. Sys., Inc.,*
997 S.W.2d 803 (Tex. App.—Dallas 1999, no pet.) ...................................... 7

*Carr v. Brasher,*
776 S.W.2d 567 (Tex. 1989) ....................................................................... 11

*Cincinnati Life Ins. Co. v. Cates,*
927 S.W.2d 623 (Tex. 1996) ....................................................................... 11

*Columbia Gas Transmission Corp. v. New Ulm Gas, Ltd.,*
940 S.W.2d 587 (Tex. 1996) .................................................................... 6, 7

*DeWoody v. Rippley,*
951 S.W.2d 935 (Tex. App.—Fort Worth 1997, writ dism'd by
agr.) ........................................................................................................... 11

*Ergo Science, Inc. v. Martin,*
73 F.3d 595 (5th Cir. 1996) ........................................................................ 11

*Ferguson v. Bldg. Materials Corp. of Am.,*
295 S.W.3d 642 (Tex. 2009) ....................................................................... 10

*Phillips v. Phillips,*
820 S.W.2d 785 (Tex. 1991) ......................................................................... 7

*Pickett v. Tex. Mutual Ins.,*
239 S.W.3d 826 (Tex. App.—Austin 2007, no. pet.) .................................... 11

*Pleasant Glade Assembly of God v. Schubert,*
264 S.W.3d 1 (Tex. 2008) ........................................................................... 10

*Provident Life & Accident Co. v. Knott,*
128 S.W. 3d 211 (Tex. 2003) .............................................................. 11, 12

*Sheshunoff v. Sheshunoff,*
172 S.W.3d 686 (Tex. App.—Austin 2005, pet. denied) .............................. 12

*Star-Telegram, Inc. v. Doe,*
915 S.W.2d 471 (Tex. 1995) ....................................................................... 12

*Valence Operating Co. v. Dorsett,*
     164 S.W.3d 656 (Tex. 2005) ...................................................................7, 11

## GUIDE TO CITATIONS

References to the Clerk's Record are shown as ("CR") followed by page number, e.g., "(CR 15)"; and references to the Reporter's Record are shown as "(RR)", followed by page number. References to Appellant's brief will be shown as "(App. Br., at___)".

**TO THE HONORABLE THIRD COURT OF APPEALS:**

Kirby Hiscox, Appellee, files this Appellee's Brief and respectfully shows the Court the following:

## STATEMENT OF THE CASE

Appellee sued Appellant in Travis County Court at Law No. 1 for breach of contract. The parties filed cross-motions for summary judgment.

Appellee offered summary judgment evidence in the form of his own affidavit. Appellant offered no evidence.

On February 5, 2015, a hearing on the motions was held before the Hon. Todd T. Wong, judge presiding. The court granted Appellee's motion, denied Appellant's motion, and entered a general summary judgment order. The order awarded Appellee actual damages of $28,000.00, attorneys' fees of $7,805.00, through trial, and court costs of $257.00. In addition, the court awarded $3,500.00 for legal services if appealed to the Court of Appeals by Appellant and successfully defended by Appellee; $5,000.00 for legal services in the event application is made for Writ of Error to the Texas Supreme Court by Appellant and is denied; and $7,500.00 for legal services in the event Writ of Error is granted by the Texas Supreme Court and successfully defended by Appellee. The summary judgment hearing was not transcribed by a court reporter.

Appellant filed a timely motion for new trial.

1

On April 16, 2015, the motion for new trial was presided over by Hon. Eric M. Sheppard, judge of Travis County Court No. 2. Judge Sheppard denied the motion. The hearing on the motion for new trial was transcribed by a court reporter and the reporter's transcript is part of the record in this Court.

Appellant filed timely Notice of Appeal, and this case is properly before this Court.

## STATEMENT REGARDING ORAL ARGUMENT

This is an appeal from a summary judgment, followed by a motion for new trial. Appellant offered no evidence at either hearing, and the trial courts' orders – granting summary judgment for Appellee and overruling Appellant's motion for new trial – do not specify the grounds on which they are based. Well-settled principles of law will therefore determine the outcome of this appeal. Appellee does not believe oral argument would aid the Court in deciding this appeal. However, if the Court decides oral argument is necessary, Appellee requests the opportunity to participate.

## ISSUES PRESENTED AND RESTATED

1.  The Contract is Unambiguous and Appellee's theory of the case is the only reasonable interpretation.

2.  Appellant's Interpretation of Par. 4 as a Liquidated Damage Clause is without Merit.

3.  Appellant should be Judicially Estopped from Arguing the Contract is Ambiguous.

4.      This Court should affirm the summary judgment on de novo review.

## STATEMENT OF FACTS

On November 19, 2012, Appellant, a producer, and Appellee, an actor, entered into a written contract pursuant to which Appellee made himself available to render certain acting services to Appellant over a six–month period of time (the "Contract"). (CR 19 –21)

Appellee's standard, daily rate for his acting services was $1,500.00, a rate with which Appellant was familiar from previous business dealings between the two men. This contract gave Appellant the option to pay a lesser rate.

The parties negotiated a clause whereby Appellant specifically guaranteed to provide Appellee with 20 days of acting work ("shoot days") over the six–month term of the contract, in consideration for which Appellee gave Appellant the option to pay a daily rate of $1,000 if he scheduled all 20 guaranteed shoot days within the first four months of the contract, or a rate of $1,500 a day if he choose to spread the shoot days over the entire six–month term of the Contract. (CR 19, Par. 4)  It was a win–win for both men: Appellant could save $10,000.00 over the life of the contract if he scheduled all 20–shoot days in the first four months, and Appellee could receive the benefit of having the assurance of $20,000.00 in hand in after only four months. However, Appellee had no say as to when the 20 days were scheduled; the schedule was left entirely to Appellant's discretion.

3

As it turned out, Appellant scheduled two shoot days during the first four months and never scheduled another day. Appellee rendered his acting services for those two days for which Appellant paid him the lesser rate of $1,000 per day, a total of $2,000. Appellee remained ready, willing and able to render his services to Appellant throughout the entire six–month term of the Contract.

Appellee sued Appellant to recover the agreed-upon, higher daily rate of $1,500 for all 20 guaranteed days of work; i.e., $27,000 for 18 days at $1,500, and $500.00 a day for the two-days' work that were completed and paid for at the lower rate of $1,000.

## SUMMARY OF THE ARGUMENT

1.     The compensation terms of the contract sued upon are unambiguous. In awarding judgment for Appellee, the trial court properly calculated damages as provided for in the contract.

2.     Appellee argued only one theory of contractual interpretation in the proceedings below, and in ruling in favor of Appellee both Judge Wong at the hearing on the Motion for Summary Judgment and Judge Sheppard at the hearing on the Motion for New Trial, accepted Appellee's theory of the case. It is Appellant's burden to show that this theory has not merit, and he has failed to sustain that burden.

4

3.     Appellant's theory that Par. 4 of the Contract is a liquidated damages clause lacks merit.

4.     The summary judgment in favor of Appellee must be affirmed on *de novo* review by this Court.

## ARGUMENT AND AUTHORITIES

**I.     The Contract is Unambiguous. Appellee's theory of the case is the only reasonable interpretation of the Contract.**

The only summary judgment evidence was Appellee's affidavit. In his affidavit, Appellee testified that he had worked as a professional actor and host for Appellant on several productions prior to November 2012 and that Appellant had been pleased with his work.

In November 2012, Appellant contacted Appellee and asked if he would be interested in hosting another video project that would involve 30 or more days of shooting over a six-month period of time.

Appellant was familiar with Appellee's $1,500 per day rate and asked him if he would be willing to reduce that rate to $1,000 if Appellant guaranteed him a minimum of 20 filming days in the first four months of the contract *and*, if Appellant didn't schedule all 20 days of filming within those first four months, he would pay Appellee's full daily rate of $1,500 for all 20 days of filming, *regardless of when they were filmed*. Appellee accepted Appellant's offer and wrote up the contract that is the subject matter of this lawsuit.

5

Paragraph 4 of the contract specifies the terms of compensation. The first sentence sets forth Appellant's 20-day guarantee, as follows:

> 4. MINIMUM GUARANTEED SHOOT DAYS. In exchange for Actor's agreement to reduce his fees to those stated above [$1,000 per day], the Producer guarantees to Actor a minimum of twenty (20) Shoot Days of filming, equivalent to $20,000.00 to be paid to Actor.

This guarantee is unequivocal and unconditional. There is no language anywhere in the Contract relieving Appellant of the guarantee obligation.

The second sentence sets forth the contingency for the increase of the daily rate to $1,500.00:

> In the event that the twenty (20) Shoot Days are not met within the first four (4) months of the Agreement, the effective rate of $1,000.00 . . . will revert to $1,500.00 per day rate and be paid retroactively for all completed Shoot Days and become due and payable within fourteen days after the end of the fourth (4th) month of this Agreement.

This sentence relates only to the contingency for the increase in the daily rate to be paid by Appellant. It does not modify or dilute the guarantee in any way. Appellant cannot point to any language in the contract that relieves him of the guarantee.

A contract is unambiguous if it can be given a definite or certain legal meaning, *Columbia Gas Transmission Corp. v. New Ulm Gas, Ltd.*, 940 S.W.2d

587, 589 (Tex. 1996), and the meaning put forth by Appellee and accepted by Judges Wong and Sheppard is the only reasonable meaning of the Contract.

## II. Appellant's Interpretation of Par. 4 as a Liquidated Damage Clause is without Merit.

In his response to Appellee's Motion for Summary Judgment, Appellant argued that the contract was *unambiguous* and that Paragraph 4 of the Contract was a liquidated damage provision by virtue of which he owes Appellee only the additional sum of $3,000.00 not $28,000.00. (See, Defendant's Response to Motion for Summary Judgment, CR 37)

A contractual liquidated damages clause estimates in advance the just compensation a party will receive if the other party fails to perform. *Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 664 (Tex. 2005). Whether a contractual provision is an enforceable liquidated damages provision or an unenforceable penalty is a question of law for the court to decide. *Phillips v. Phillips*, 820 S.W.2d 785, 788 (Tex. 1991).

Courts will enforce a liquidated damages clause only on the presence of two conditions: (1) the harm caused by the breach must incapable or difficult of estimation; and (2) the amount of liquidated damages must be a reasonable forecast of just compensation. *Phillips*, 820 S.W.2d at 788. If either element is lacking, the liquidated damages clause is unenforceable. *Arthur's Garage, Inc. v. Racal-Chubb Sec. Sys., Inc.,* 997 S.W.2d 803, 810 (Tex. App.—Dallas 1999, no pet.).

7

Paragraph 4 fails as an enforceable liquidated damage provision. The harm suffered by Appellee as a result of Appellant's default is easily capable of determination, as Appellee has shown above.

## III. Appellant should be Judicially Estopped from Arguing the Contract is Ambiguous.

Appellant devotes four of his five points of error to arguing that the contract sued upon is, essentially, ambiguous, is susceptible of differing interpretations and that the trial court did not construe the contract in the way he thinks it should have been constructed. Appellant should be barred from making any of these arguments.

At the hearing on the cross–motions for summary judgment before Judge Wong, Appellant took the position that the contract was unambiguous and claimed the same in his Motion for Summary Judgment:

> *Defendant contends that Paragraph 4 of the Agreement is unambiguous* and it contains a specifically negotiated liquidated damage provision that dictates the consequence if twenty days of shooting at the reduced rate were not met. *The unambiguous provision provides that* the actor would be paid at his regular rate for all completed shoot days, or in other words at $1,500 for two days of service, or $3,000.

> Defendant objects to Plaintiff's affidavit in support of his Motion for Summary Judgment as it is in admissible Parole Evidence. The Agreement is unambiguous and therefore any parole evidence is inadmissible. (CR 34)

8

Judge Wong agreed with Appellant that the Contract was unambiguous and verbally sustained his objection to the use of the affidavit as evidence of the meaning of the Contract. Furthermore, a week after the entry of the order granting summary judgment, Appellant presented a formal order to the court sustaining his objection to the affidavit. Judge Wong signed the order (CR 48).

Having gained the advantage of excluding summary judgment evidence by arguing the contract was unambiguous in the earlier proceeding, Appellant should not now be permitted to argue the contract is ambiguous and thereby broaden the scope of his challenge to the summary judgment, notwithstanding the fact that such challenges lack merit.

Counsel for Appellant recognized the inconsistency of the position he was arguing before Judge Sheppard on his motion for new trial and attempted to explain it away. What took place in his dialogue with the court pointedly illustrates that Judge Sheppard fully understood Appellee's position:

> MR. ESCOVER: I recognize I am arguing an inconsistent position than I did in the original proceeding before Judge Wong. At that point and time I read the words as they are written here without any interpretation. And if interpretation was needed, then the Rules --
>
> THE COURT: I am not sure what interpretation you would need to say the producer guarantees to actor a minimum of 20 shoot days of filming.
>
> MR. ESCOVER: What's the rate that he should be paid at if the 20 days aren't met.

9

THE COURT: Here is my problem.

MR. ESCOVER: Sure.

THE COURT: We keep conflating the two, that's part of the problem. Was he guaranteed 20 shoot days, yes or no. What the rate was is entirely a different subject.

MR. ESCOVER: I would say, no, he wasn't Your Honor.

THE COURT: What does the word mean when it says guarantees minimum of 20 shoot days.

MR. ESCOVER: Up until the point you get to in the event. It spells out contingency, if 20 shoot days are not met here is your remedy. You have negotiated, you put this in here.

THE COURT: Doesn't that go back to the rate of pay. Mr. Novak's argument is all we are talking about there is how much he is getting paid for the days he shot. I guarantee you 20. If less than 20, this is how you are getting paid. How much you're getting paid, not how, cause we already decided that. We decided in sentence one that it's 20 days. The question is how much are we paying you for those. The discount we get is 1000.00 front load, no problem. If we don't have -- if we have 19 days then all of a sudden it becomes a different story. (RR p. 18, line 6 – 19, line 13)

Judicial estoppel precludes a party who successfully maintains a position in one proceeding from later adopting a clearly inconsistent position in another proceeding to obtain an unfair advantage. *Ferguson v. Bldg. Materials Corp. of Am.,* 295 S.W.3d 642, 643 (Tex. 2009); *Pleasant Glade Assembly of God v. Schubert,* 264 S.W.3d 1, 6 (Tex. 2008). The elements of judicial estoppel are (1) a

10

party's position in an existing proceeding is inconsistent with its position in a prior judicial proceeding; (2) the successful maintenance of the contrary position in the prior action; (3) the absence of inadvertence, mistake, fraud, or duress in the making of the prior statement; and (4) the statement was deliberate, clear, and unequivocal. See, *DeWoody v. Rippley*, 951 S.W.2d 935, 944 (Tex. App.—Fort Worth 1997, writ dism'd by agr.). As stated by the Fifth Circuit in *Ergo Science, Inc. v. Martin,* 73 F.3d 595, 598 (5th Cir. 1996).

> [I]t is within the court's discretion to utilize judicial estoppel and prevent [a party] from playing "fast and loose" with the court by "changing positions based upon the exigencies of the moment."

## IV.     This Court should affirm the summary judgment on de novo review.

Because the trial court's order does not specify the grounds for the summary judgment, this court must affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious. *Provident Life & Accident Co. v. Knott,* 128 S.W. 3d 211, 215 (Tex. 2003); *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 626 (Tex. 1996); *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex. 1989).

This Court succinctly stated the applicable rule in *Pickett v. Tex. Mutual Ins.*, 239 S.W.3d 826, 840 (Tex. App.—Austin 2007, no. pet.).

> We review the [trial] court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). When the trial court does not specify the

11

basis for its summary judgment, the appealing party must show it is error to base it on any ground asserted in the motion. *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995). We must affirm the summary judgment if any of the grounds presented to the [trial] court are meritorious. *Provident Life Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003); *Sheshunoff v. Sheshunoff*, 172 S.W.3d 686, 692 (Tex. App.—Austin 2005, pet. denied).

Paragraph 4 is clear: there was a guarantee of 20 days of work that was not rendered, resulting in damages to Appellee of $28,000, as calculated by the terms of the second sentence of Paragraph 4. The judgment of the trial coutt should be affirmed.

## CONCLUSION AND PRAYER

For all of the reasons set forth above, Appellee respectfully requests that this Court affirm the trial court's Summary judgment, and the this Court

1. Render judgment against Appellant and Appellant's cash supersedes bond (CR 257) for the performance of the judgment, attorney's fees, and for costs pursuant to TEX. R. APP. P. 24.1(d) and 43.5; and

2. Render judgment against Appellant for $3,500.00 for attorney's fees as awarded to Appellant in the Summary Judgment.

Respectfully submitted,

LAW OFFICES OF HENRY J. NOVAK
11782 Jollyville Road
Austin, Texas 78759
(512) 577–5380 (Telephone)
(512) 532-6008 (Fax)

_Henry Novak_

Henry J. Novak
State Bar No. 15120000
henry@henrynovak.com

*Counsel for Appellee*

## CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of Texas Rule of Appellate Procedure 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the word-count limitations of Rule 9.4(i), if applicable, because it contains 2,782 words, excluding any parts exempted by Rule 9.4(i)(1).

_Henry Novak_

Henry J. Novak

## CERTIFICATE OF SERVICE

On September 18, 2015, in compliance with Texas Rule of Appellate

Procedure 9.5, I served this document by e-service, e-mail, facsimile, or mail to:

Via e-Service
Via Email**: John@Escoverlaw.com**
John W. Escover
THE LAW OFFICES OF JOHN W. ESCOVER, LLP
401 Ranch Road 620 South, Suite 350
Austin, Texas 78734
*Counsel for Appellant Adrian James*


_____
Henry J. Novak